Per Guriam.

In this action, plaintiff, after a dispute with defendant over the quality of its knitting, seeks the return of its unused yarn. Defendant concedes receipt of instructions from plaintiff to stop processing the yarn in December, 1971 and based its refusal to deliver the yarn on an asserted lien for services performed. Simultaneously with the commencement of this lawsuit plaintiff obtained an ex parte order of replevin which was executed in March, 1972. In August, 1972 defendant moved for vacatur of the order of replevin, restoration to it of the yarn seized or, alternatively, for damages in the amount of its unpaid bills by way of summary judgment.
Defendant waited until August, 1972 for its attack upon the validity of the replevin order and relies on Fuentes v. Shevin (407 U. S. 67) decided June 12,1972. The point is made that the writ and the seizure under the replevin deprived defendant of its rights and property without due process of law, i.e. a denial of defendant’s right to prior notice and an opportunity to oppose plaintiff’s application before seizure.
In our opinion, this matter under consideration does not fall within the ambit of the Fuentes case. The Fuentes doctrine applies to the summary seizure of goods or chattels to which Mrs. Fuentes is entitled to possession unless and until she should default on her installment payments. In this situation the court held that she must receive prior notice and allowed an opportunity to challenge the issuance of the writ. The constitutional right to be heard is to protect her use and possession of the property from arbitrary encroachment, to minimize substantially unfair or mistaken deprivation of property. The requirement of the posting of a bond by a party seeking the writ cannot compensate, in a practical sense, for the loss of use of possession of the goods or chattels in dispute. The Fuentes case has clearly eliminated any distinction between the deprivation of replevied *578 goods which are necessities and consumer goods in which the possessor has a significant property interest. Both are now entitled to the protection of procedural due process. We need consider no other aspects of the Fuentes ease.
But the constitutional right to possession is not here involved. Defendant had no significant property interest ’ in the replevied goods * * * [i.e.] the interest in continued possession and use of the goods * * * dearly bought and protected by contract.” (Fuentes v. Shevin, supra, p. 86; emphasis supplied.) Defendant had only a transient security interest in the goods as an alleged creditor of plaintiff, for the value of work, labor and services. Defendant had no color of title, or possible interest that could ripen into right of repossession, as under a conditional sales contract; no right of possession, no right of use; only a distrainor’s bare, arbitrary right to custody, i.e., to seize and hold the goods, as in pledge, for payment of a sum of money alleged to be due and, at most, eventually to sell the goods in satisfaction of the debt. The bond, for double the value of the goods protected, assured and continued every security right and possible interest defendant could realistically have in the goods.
It is abundantly clear that the situation at bar and the facts in Fuentes are entirely dissimilar. There is no constitutional requirement for prior notice to the defendant herein.
As to the summary judgment aspect of the motion, significant issues of fact are present, to wit, the allegation that defendant failed to fulfill its part of the contract herein by failing to perform its knitting work in a first-class, workmanlike manner, resulting in the delivery to the plaintiff of defective garments.
The denial of defendant’s motion for an order vacating the order of replevin and denying defendant’s motion for summary judgment should be affirmed.